1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 SHELLY VITALI VAN GRONINGEN, on
behalf of minor M.A.V.,

12

          Plaintiff,

13

14     v.

15 KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

16

          Defendant.

17

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:21-cv-1377 - JLT

ORDER GRANTING PETITION TO APPOINT
SHELLY VITALI VAN GRONINGEN AS
GUARDIAN AD LITEM FOR MINOR PLAINTIFF
M.A.V.

(Doc. 2)

18       On September 10, 2021, Shelly Vitali Van Groningen initiated this action on behalf of her son,

19 M.A.V., for judicial review of the administrative decision denying benefits for M.A.V.  (Doc. 3)  In

20 addition, Ms. Van Groningen seeks appointment as the guardian ad litem of M.A.V.  (Doc. 2)  For the

21 reasons set forth below, the motion is **GRANTED**.

22 **I.**    **Appointment of a Guardian Ad Litem**

23       Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly

24 appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).

25 In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a

26 minor or incompetent person who is unrepresented in an action." *Id.*  The capacity of an individual to

27 sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b).  Here, Plaintiff

28 resides in Fresno County, California (Doc. 3 at 2), and the law of the state governs.

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem may to represent the minor's interests. Cal. Code Civ. P. § 372(a). In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## II.   Discussion and Analysis

Plaintiff is the six-year-old child of Shelly Vitali Van Groningen (Doc. 1 at 2). As a minor (*See* Cal. Fam. Code § 6502), his ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the First Amended Complaint, it does not appear there are adverse interests, because the only claims are asserted on Plaintiff's behalf. (*See* Doc. 3) Accordingly, appointment of Shelly Vitali Van Groningen as guardian ad litem is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

## III.   Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Shelly Vitali Van Groningen has conflicting interests with Plaintiff, and as such may be appointed to represent the interests of her son. Therefore, the Court is acting within its discretion to grant the petition. Based upon the foregoing, the Court **ORDERS**:

1.     The motion for appointment of Shelly Vitali Van Groningen guardian ad litem for

1                   Plaintiff M.A.V. (Doc. 2) is **GRANTED**; and

2       2.     Shelly Vitali Van Groningen is appointed to act as guardian ad litem for Plaintiff

3              M.A.V., and is authorized to prosecute this action on his behalf.

4

5 IT IS SO ORDERED.

6    Dated:   __September 17, 2021__           _____ **/s/ Jennifer L. Thurston**

7                                CHIEF UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3